IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE YELLEN,

      Plaintiff,                  No. CIV S-01-0018 GEB KJM P

   vs.

ROBERT PRESLEY, et al.

      Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. section 1983. By order filed January 9, 2002, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

I. <u>Screening of the Complaint</u>

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's complaint contains alleges nine separate grounds for relief.

A.   Ground One

Plaintiff alleges defendants California Department of Corrections (CDC), Board of Prison Terms (BPT), Terhune, Cambra, Butler and Campbell have denied him due process by failing promptly to schedule initial and subsequent parole hearings; the total time his hearings have been delayed is one year and three months.  Am. Compl. ¶¶ 24-25.

This allegation does not state a claim under the civil rights act.  Cf. Vargas v. U.S. Parole Commission, 865 F.2d 191, 194 (9th Cir. 1988) (due process violation occurs only when delay in parole revocation hearing is unreasonable and prejudicial).

/////

B.  Ground Two

Before an inmate goes to a parole hearing, plaintiff alleges, he is evaluated by a correctional "counselor," who has no specialized training but is nevertheless charged with determining the prisoner's level of threat to society. According to section 62090 of the "Director's Operational Manual," the counselor must rank an inmate's threat along a scale that does not include "none" as an option. These regulations have not been "approved for use as a rule" under California Government Code section 11340. This, plaintiff asserts, violates his Fourteenth Amendment rights to due process. Am. Compl. ¶¶ 26, 29. In addition, these reports can, and have been, used to deny parole simply on the basis of animus toward plaintiff. Am. Compl. ¶ 30.

Although plaintiff does not challenge the denial of parole, he does claim that the report used during his November 15, 2000 parole hearing, which evaluated him as posing an "unpredictable threat to society," is the "actual act of conspiracy" that violates his right to due process, undertaken by defendants BPT and CDC; administrators Presley, Terhune, Cambra, Alameida, Butler and Campbell; counselors Bush and Lucas, who wrote the report, and counselor Oakley who approved it; and Lawin, Hepburn, and Stevenson, who comprised the panel assigned to consider plaintiff's application for parole. Am. Compl. ¶¶ 27, 29, 31.

When a state's laws or regulations create a protected liberty interest in parole, a prisoner is entitled to some due process protections surrounding the hearing: written notice reasonably in advance of the hearing, an opportunity to be heard, and some discussion of the reasons petitioner did not qualify for parole, if that is the determination. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 16 (1979). In addition, the evidence supporting the decision to deny parole "must have some indicia of reliability." Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987).

It appears plaintiff may be claiming that the reports prepared by correctional counselors are not reliable. Because the basis of this claim is not clearly stated, however,

1  plaintiff will be given leave to file an amended complaint. To the extent he is attempting to
2  plead a conspiracy, the nature of which is not entirely clear, his pleading falls short: Where a
3  plaintiff alleges conspiracy, the complaint must contain more than conclusory allegations. Price
4  v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

5       Plaintiff also alleges that defendants Campbell, Lemon, Bunnell, Gentry,
6  Melching, Batchelor, Palmer, Terhune, Cambra, Alameida, and Presley (the latter four through
7  Melching) denied plaintiff's appeal of the decision to deny him parole. Am. Compl. ¶ 32.

8       Because there is no constitutional right to a grievance process, any deficiencies in
9  the response to plaintiff's appeal do not state a claim cognizable in a civil rights act. See Mann
10 v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

11     C. Ground Three

12     Plaintiff alleges that defendants BPT, Lawin, Hepburn and Stevenson relied in
13 part on three counseling chronos, also known as "CDC-128s," to deny him parole. This, he
14 avers, violates his right to due process, because a prisoner has no right to challenge a CDC-128
15 or otherwise contest the truth of the contents of the report, which is used to increase the length of
16 his incarceration. Am. Compl. ¶¶ 35-38.

17     Plaintiff does not claim the existence of a CDC-128 leads to any loss of good time
18 or privileges or the imposition of any restrictions; the CDC-128s, by themselves, do not lead to a
19 deprivation of liberty or property. Compare Wolff v. McDonnell, 418 U.S. 539, 556 (1974).
20 Rather, plaintiff appears to base his claim for procedural protections on the potential that the
21 chronos have been and may be used to deny him parole. However, a prisoner is given access to
22 his central file before a parole hearing and may submit a written response to any material in the
23 file. 15 Cal. Code Regs. § 2247. Plaintiff does not claim he has been denied the opportunity to
24 dispute the chronos before the hearing or that they were the only reason parole was denied. This
25 portion of the complaint does not state a claim under the civil rights act.
26 /////

D. Ground Four

Plaintiff alleges that defendant Campbell had plaintiff undergo a psychiatric evaluation after he wrote a letter about a staff member's misconduct, even though plaintiff has no psychiatric needs. Am. Compl. ¶¶ 40, 41. This action, approved by defendants Palmer and Bunnell, was retaliatory and designed to place a psychiatric cloud over plaintiff's file, which might have an impact on his parole. Id. ¶ 42.

A plaintiff has standing to sue in federal court only when he can allege (1) an "actual or imminent," "concrete and particularized" "injury in fact," (2) causally connected to the defendants' conduct, that (3) will "likely" (and not "merely speculative[ly]") be redressed by a favorable judgment. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To the extent plaintiff is alleging the potential future impact of the psychiatric review on his parole, he has not shown "standing" to proceed with the claim. However, these allegations may state a claim for retaliation and may be included in an amended complaint. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ("[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

E. Ground Five

Defendants Prison Industry Authority (PIA), Terhune, Cambra, King, Ylst, Ramey, Hairkain, Walker, Campoy and Stewart do not require inmates who work in prison industries to be certified welders, yet allow them to weld products sold to the state and used by prisoners. Am. Compl. ¶ 44. Plaintiff is aware of products welded by non-certified inmates being returned as defective. Am. Compl. ¶ 45. This, he alleges, endangers society and subjects prisoners to dangers in violation of the Eighth Amendment. Once again, plaintiff has not

/////

established the requisite standing, for the injuries he contemplates are too remote. This claim should not be included in any amended complaint.

F. Ground Six

Plaintiff alleges defendant Stewart issued a baseless CDC-128 to plaintiff after he had written to defendant Ylst about the wasteful practices of defendants Stewart, Campoy, and Harikian in the metal fabrication department. Am. Compl. ¶¶ 47, 48. Plaintiff was not given an opportunity to contest the truth of the chrono or otherwise afforded any due process rights. Am. Compl ¶ 48. Defendants Campoy, Harikian, and Ylst approved of this retaliatory conduct. Am. Compl. ¶ 49.

Although the claimed due process violation in relationship to the preparation of the chrono does not state a claim under the civil rights act, see Wolff, 418 U.S. at 556, the allegation of retaliatory conduct may be sufficient. Rhodes, 408 F.3d at 567-68. A retaliation claim may be included in any amended complaint, if plaintiff can allege such a claim while complying fully with Federal Rule of Civil Procedure 11.

G. Ground Seven

Plaintiff alleges the BPT appeals unit is comprised of the same commissioners who conduct the hearing; because the appeals unit is not a separate entity, "there is absolutely no way Plaintiff can be provided any due process rights . . . ." Am. Compl. ¶ 52. According to plaintiff, defendants CDC, BPT, Terhune, Cambra, Alameida, and Presley refuse to adopt a procedure to provide a separate appeals unit, which denies plaintiff due process. Am. Compl. ¶¶ 53-55.

Due process requires state decision makers to be unbiased. Edwards v. Balisok, 520 U.S. 641, 647 (1997). Plaintiff appears to allege that a commissioner who participates in parole hearings cannot consider appeals of different parole hearings fairly, but does not claim actual bias. These allegations do not suggest the kind of bias that would violate due process. Aetna Life Insurance Co. v. Lavoie, 475 U.S. 813, 825-27 (1986). They therefore should not be

included in an amended complaint.

H.  Ground Eight

Plaintiff claims he meets all the criteria for parole, but has not been released because of the "no parole" policy of defendant and former governor Davis and his appointment of Parole Board members who support his policy.  Am. Compl. ¶¶ 57-59.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that an inmate may not seek damages for allegedly unconstitutional imprisonment without first showing that the sentence has been vacated.  In McQuillion v. Schwarzenegger, 369 F.3d 1091, 1097 (9th Cir. 2004), the Court of Appeals applied Heck to a suit seeking damages for the alleged "no parole" policy and held that the challenge would imply the invalidity of his sentence.

The court also held that an inmate could not seek to enjoin the application of the alleged "no parole" policy because

> [b]ias on the part of the Governor, the Board and the Attorney General cannot be redressed by an injunction ordering those state officials to comply with state law.

Id. at 1098.  Accordingly, this portion of the complaint does not state a claim under the civil rights act.

I.  Ground Nine

Defendants Davis and Wilson (both former California governors) and Burton, Knight, Vasconcellos, Hughes, Lewis, and Lockyer (former state senators) have conspired to appoint as parole board members only those who have law enforcement backgrounds, in violation of California Penal Code section 5075.  They have undertaken these actions because they desire to convert life sentences "to life without the possibility of parole."  Am. Compl. ¶¶ 62-64.

These claims, as with those included in ground eight, are not cognizable in a civil rights action.  McQuillion, 369 F.3d at 1097-98.

/////

II. <u>Standards Applicable to a Second Amended Complaint</u>

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

/////

/////

Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 7, 2005.

UNITED STATES MAGISTRATE JUDGE

2
yell0018.14amd